**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ROZA TACHALOV,

       Plaintiff,

 - against -

YESHIVA SHA'AREI ZION ELEMENTARY
SCHOOL,

       Defendant.
-----------------------------------------------------------------X

**AMENDED COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

  Plaintiff Roza Tachalov, by her attorneys, Phillips & Associates, Attorneys at Law PLLC, hereby complains of the Defendant, Yeshiva Sha'arei Zion Elementary School, and alleges as follows:

### NATURE OF THE CASE

  1. This is an action for employment discrimination based on retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et. seq.*, the New York State Human Rights Law, 15 N.Y. Exec. Law §§ 290 *et seq*. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et. seq*. ("NYCHRL") and seeks damages to redress the injuries she has been suffering as a result of being retaliated against by Defendant after engaging in a protected activity. Plaintiff has been a teacher for 36 years and worked at Defendant's school for approximately nine years. Plaintiff worked as a teacher's assistant in the mornings, and as a Hebrew writing teacher in the afternoons for kindergarten boys. On or about January 13, 2021, Plaintiff entered a classroom staffed by a substitute teacher and observed the substitute teacher to be inappropriately touching a kindergarten student. Plaintiff complained to Yeshiva Sha'arei Zion

1

Elementary School's principals. Plaintiff was extremely disturbed by what she saw in that classroom and as a mandated reporter of child abuse, she pursued all remedies within her school to be sure the conduct was reported, and the issue addressed to parents and the Board. As time went on, Plaintiff understood that the principals were not taking her seriously and were trying to force her out of her position before they ultimately terminated her on May 11, 2021. By this action, the Plaintiff demands all remedies available in law and equity, including but not limited to reinstatement, back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs. Plaintiff demands a trial by jury.

## PARTIES

2. Plaintiff **Roza Tachalov** is a female citizen of New York, and resides in Queens County, New York.

3. Defendant **Yeshiva Sha'arei Zion Elementary School** is a private school with classes from pre-K through eighth grade. Yeshiva Sha'arei Zion Elementary School is located at 75-24 Grand Central Pkwy, Forest Hills, NY 11375.

4. At all times material, Defendant **Yeshiva Sha'arei Zion Elementary School** owned and operated an educational program in the State of New York, County of Queens.

5. Upon information and belief, **Yeshiva Sha'arei Zion Elementary School** was and is an "education program or activity receiving Federal financial assistance," as defined in Title IX, 20 U.S.C. § 1681(a).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Claimant's claims pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

7. This Court has supplemental jurisdiction over Claimant's claims under the NYSHRL and the NYCHRL pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of New York.

## PROCEDURAL PREREQUISITES

9. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") August 2, 2021; (b) receiving a Notice of Right to Sue from the EEOC on May 27, 2022; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing a copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR, et ano., is annexed hereto as Exhibit B.

## FACTUAL ALLEGATIONS

10. Plaintiff Roza Tachalov began working as an assistant teacher for Defendant at the start of the 2012 school year. Since then, Plaintiff was promoted to a Hebrew teacher, always teaching kindergarten boys' classes.

11. Plaintiff enjoyed her job immensely and had a passion for working with her students. Plaintiff was and is well known and trusted by her students' families.

12. Unfortunately, everything changed on or about January 12, 2021, when Plaintiff entered a classroom that was dark, and the students were watching a movie with a substitute teacher. Plaintiff observed the substitute to have a kindergarten student sitting on his lap and be touching the child in an inappropriate manner, on the child's pants and genitals.

13. Plaintiff left the room quickly and observed that the substitute teacher put the child down.

14. Plaintiff was shocked and disgusted at this incident, hereinafter "The Incident." Plaintiff reviewed video surveillance of The Incident and the video confirmed what she thought she had seen.

15. Plaintiff went to the leadership of Defendant Yeshiva Sha'arei Zion Elementary School. She met with Rabbi Refael Ribacoff ("Ribacoff"), a trusted colleague and attorney who works for Defendant, and sought advice. Ribacoff advised Plaintiff to report the conduct to Rabbi Ephraim Ben Mordechai ("Ben Mordechai") a Principal and the Director of Jewish Studies for Defendant.

16. The following day, Plaintiff set up a meeting with Mordechai and reported what she had seen in the classroom. Plaintiff engaged in a protected activity when she made this complaint of sexual harassment.

17. Later that same day, Plaintiff was informed by Ribacoff that the substitute teacher was still at the school.

18. Appalled, Plaintiff asked Ribacoff again for advice. Ribacoff suggested that Plaintiff report the conduct to Rabbi Avraham Fridman ("Fridman"), a Principal and the Director of the English Department for Defendant.

4

19. Plaintiff met with Fridman, explained what she had seen, and explained the steps she had already taken in reporting the conduct to Ribacoff and Ben Mordechai. Fridman simply told Plaintiff to follow up with him if he noticed the substitute teacher at school again.

20. The following day, Plaintiff entered the main office and was met by Ben Mordechai who was visibly angry and began to yell at Plaintiff, stating in sum and substance, that Plaintiff had gone over his head by speaking to other individuals in leadership at the school about The Incident.

21. Extremely confused and upset, Plaintiff pleaded with Ben Mordechai to stop yelling at her and review the video footage of the classroom incident. Ben Mordechai's audacious reply was that Plaintiff was "making up stories" and "destroying his position in the eyes of the Board." Plaintiff understood that Ben Mordechai was not handling The Incident with the seriousness that was required because he was afraid that The Incident would be unfavorable to his personal and professional reputation.

22. In tears, Plaintiff left the office feeling defeated. Plaintiff spoke again to Fridman, who assured Plaintiff that he would take care of the situation, notify the parents of the child, notify the Board of the incident, and make sure that the proper protocols were followed with regards to The Incident.

23. In or around April 2021, a parent contacted Plaintiff about their son, who was having accidents in his pants at school. Plaintiff knew the parent to be the parent of the child who was abused during The Incident. The parent implored Plaintiff to inform them if something was going on at school. Plaintiff understood this to mean that Defendant had never informed the parents of The Incident.

24. Upon information and belief, neither Ben Mordechai, Fridman, Ribacoff, nor any other agent of Defendant contacted the child's parents.

25. In or around February 2021, Fridman suggested that Plaintiff consider a teaching position in the "girls' side" of the school. Plaintiff said she would learn more about the position but was surprised since she had only taught kindergarten boys for her entire nine-year career with Defendant.

26. Thereafter, when Plaintiff would see Ben Mordechai in the school, at least two times per week, Ben Mordechai would encourage Plaintiff to take the job in the girls' school. Ben Mordechai even told Plaintiff that she would receive an increase in pay if she went to the girls' school. Plaintiff began to understand that Ben Mordechai was attempting to push her out from Defendant's school.

27. As Plaintiff learned more about the job at the girls' school, she discovered that the job offer was for her to teach more than double the number of classes per day for significantly less pay than she was currently earning in her position at the boys' school. Upon information and belief, this "offer" was an attempt to push plaintiff out of the boys' school in order to distance her from further reporting and pursuing remedies for The Incident.

28. During conversations with the principal of the girls' school, Plaintiff was informed in sum and substance, that if she did not take the position at the girls' school, she would, "walk out of the school year with no position at all."

29. Plaintiff spoke to Fridman who informed her that Ben-Mordechai had made the decision some time ago, and Fridman was confused that it took so long for Plaintiff to find out.

30. Defendant then terminated Plaintiff <u>the very next day</u>.

6

31. Plaintiff's good faith complaints to leadership for Defendant regarding The Incident constituted protected activity under both federal and local employment laws.

32. Upon information and belief, Defendant terminated Plaintiff solely in retaliation for Plaintiff's complaints of potential child abuse that took place during The Incident.

33. On or about July 16, 2022, less than a week after this matter was filed in this Court, an article was published in a local newspaper containing the facts of this case as plead in the complaint.

34. On or about July 18, 2022, Defendant circulated a press release to the parents of the school, writing, "It has come to our attention that a former employee of the yeshiva has turned to the press to defame our school." And likening this lawsuit to an act "of senseless hatred of one Jew against another."

35. In the same press release, Defendant attached screenshots from what appears to be group text message chats from in or around May 2021, naming Plaintiff explicitly as the "accuser."

36. The effect that Defendant's releasing this public statement has is simple: further retaliation for a good faith complaint of unlawful sexual conduct within a school and further irreparable reputational and emotional harm to Plaintiff.

## AS A FIRST CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

1. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

2. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner

7

in an investigation, proceeding, or hearing under this subchapter."

3. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

4. As a result of the Defendant's unlawful conduct, Plaintiff has suffered economic and non-economic injuries, including lost income and benefits, mental and emotional pain and suffering, and other compensable injuries, for which she is entitled to an award of reinstatement, back pay, front pay, compensatory damages, attorney's fees and costs, and all other legal and equitable relief provided by Title VII.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE IX
## DISCRIMINATION & RETALIATION

5. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

6. 20 U.S.C. § 1681(a) states in relevant part as follows:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

7. Under 20 U.S.C. § 1681(a) retaliation also constitutes discrimination.

8. Plaintiff was retaliated against after objecting to unlawful sexual harassment, constituting discrimination based on sex under 20 U.S.C. § 1681(a) and denied the benefits of Defendants' educational program and has suffered damages as set forth herein.

## AS A THIRD CAUSE OF ACTION
## RETALIATION UNDER THE NYSHRL

9. Claimant repeats and realleges each and every allegation made in the above paragraphs of this complaint.

10. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article..."

11. Defendant engaged in an unlawful discriminatory practice in violation of the NYSHRL by constructively discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of her employer.

## AS A FOURTH CAUSE OF ACTION
## RETALIATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

12. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

13. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

14. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendant.

15. As a result of the Defendant's unlawful conduct, Plaintiff has suffered economic and non-economic injuries, including lost income and benefits, mental and emotional pain and suffering, and other compensable injuries, for which she is entitled to an award of reinstatement, back pay, front pay, compensatory damages, attorney's fees and costs, and all other legal and equitable relief provided by the NYCHRL.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Roza Tachalov hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, New York State Executive Law §296(7), and the New York City Administrative Code § 8-107 in that Defendants illegally retaliated against the Plaintiff;

B. Awarding damages to Plaintiff for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: August 5, 2022

    Respectfully submitted,

*Morgan Mickelsen*
Brittany A. Stevens, Esq.
Morgan Mickelsen
Phillips & Associates
45 Broadway, Suite 430
New York, NY 10006
Tel: (212) 248-7431
Fax: (212) 901-2107
bstevens@tpglaws.com
mmickelsen@tpglaws.com